DECALCOMANIE TRANSFER ORNAMENTS CO., INC., Plaintiff, v.
JACOB A. HAJIM, Defendant.

Supreme Court, New York County, March 21, 1928.

Usury — action for conversion of chattels which plaintiff's assignor had delivered to defendant as collateral security for usurious loan — complaint is insufficient for failure to allege that plaintiff made any tender of principal or interest or that return of chattels was demanded.   (Gen. Business Law, § 377.)

Plaintiff, as assignee, cannot maintain this action to recover damages on the theory that the defendant converted certain chattels which plaintiff's assignor

had delivered as security for a usurious loan, in the absence of any allegation that plaintiff made any tender of principal or interest or that the return of the chattels was demanded.

While section 377 of the General Business Law permits the borrower to obtain the return of such security without a tender of principal or interest the same privilege does not extend to an assignee of the borrower.

MOTION by defendant, pursuant to rule 106 of the Rules of Civil Practice, to dismiss complaint on the ground that it appears on the face thereof that it fails to state facts sufficient to constitute a cause of action.

*Fred Malcolm Wolf,* for the plaintiff.

*Mitchel Fruitstone,* for the defendant.

FRANKENTHALER, J.   Plaintiff seeks damages on the theory that defendant converted certain chattels which plaintiff's assignor had delivered to defendant as collateral security for a usurious loan. Although section 377 of the General Business Law permits the borrower to obtain the return of such security without a tender of principal or interest, it is well settled that the same privilege does not extend to an assignee of the borrower.   The complaint fails to allege that the plaintiff made any tender of the principal or interest.   It does not even allege that plaintiff's assignor demanded the return of the chattels and thereafter assigned his rights to the plaintiff.   Since plaintiff could not maintain an action for the recovery of the property without a tender, it is difficult to comprehend how it can maintain an action to recover for the withholding of the property in the absence of an offer to repay. The motion to dismiss is accordingly granted.   Order signed.